**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-60100

(Summary Calendar)
_____

MCLEAN ROMICK MAYERS,

                              Petitioner,

versus

IMMIGRATION      AND      NATURALIZATION
SERVICE,

                              Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(A35-175-838)
_____

(October 19, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant McLean Romick Mayers was convicted of attempted robbery on three separate occasions. Because of these convictions, the INS filed an order to have Mayers deported for committing multiple crimes of moral turpitude under 8 U.S.C. § 1251(a)(4). After a hearing, the Immigration Judge ("IJ") concluded that Mayers was deportable, and that he was not entitled to a § 212(c) waiver

_____

Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

of deportation. Mayers appealed to the Board of Immigration Appeals ("BIA") which upheld the IJ's findings. Mayers then applied for a § 212(h) waiver and, after a hearing, the IJ denied Mayers' request. The BIA affirmed the denial of Mayers § 212(h) waiver. Mayers now appeals the BIA's decision that he is deportable under 8 U.S.C. § 1251(a)(4). Mayers also appeals the BIA's orders rejecting his applications for waivers of deportation under 8 U.S.C. §§ 1182(c), 1182(h). Finally, Mayers asserts that he was impermissibly denied a change of venue, and his right to counsel. Because we find no error in the proceedings below, we affirm.

Mayers argues that he was not deportable under § 241(a)(4) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1251(a)(4), because one of his convictions was not "final" and therefore should not have been considered by the IJ in Mayers' deportation hearing. We review the BIA's finding of deportability for substantial evidence. *Iredia v. INS*, 981 F.2d 847, 849 (5th Cir.), *cert. denied*, ___ U.S. ___, 114 S. Ct. 203, 126 L. Ed. 2d 160 (1993). Section 241(a)(4) of the Act makes deportable any alien has two or more final convictions for crimes of moral turpitude not arising out of a single scheme of criminal misconduct. 8 U.S.C. § 1251(a)(4). Under the statute, a conviction is final when "no direct appeal is pending and the time for such appeal has long since expired." *Okabe v. INS*, 671 F.2d 863, 865 (5th Cir. 1982). Although there was evidence that Mayers was still challenging one of his convictions on appeal, and

-2-

therefore that conviction was not final, the two other convictions had long since become final. Because the statute only requires that two convictions be final, Mayers' argument lacks merit.

Mayers argues further that none of his crimes were crimes of "moral turpitude" and thus were insufficient to support his deportation under § 241(a)(4) of the Act. This argument also lacks merit. Where an offense, as defined by the statute, requires the perpetrator to have had a corrupt mind, the crime is one of moral turpitude. *See Okabe*, 671 F.2d at 865 (holding that offering a bribe is a crime of moral turpitude "for a corrupt mind is an essential element of the offense"). The BIA has consistently held that robbery is a crime of moral turpitude. *See Matter of Martin*, 18 I & N Dec. 226, 227 (BIA 1982) (citing cases); *see also Ashby v. INS*, 961 F.2d 555, 556 (5th Cir. 1992) (noting the BIA's designation of attempted robbery as a crime of moral turpitude). Because attempted robbery requires a corrupt mind, we agree with the BIA that attempted robbery is a crime of moral turpitude, and therefore the BIA did not err in finding Mayers deportable under 8 U.S.C. § 1251(a)(4) pursuant to two final convictions for attempted robbery.

Mayers contends that the BIA improperly denied his application for a waiver of deportation under § 212(c) of the Act, 8 U.S.C. § 1182(c). We review BIA decisions denying § 212(c) waivers for abuse of discretion. *Ghassan v. INS*, 972 F.2d 631, 634-35 (5th Cir. 1992), *cert. denied*, ___ U.S. ___, 113 S. Ct. 1412, 122 L. Ed. 2d 783 (1993). Section 212(c) requires that the BIA "balance the

adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf . . ." *Diaz-Resendez v. INS*, 960 F.2d 493, 495-96 (5th Cir. 1992). We will reverse the BIA's decision if it is arbitrary, irrational, or contrary to law. *Id*. at 495. We will also reverse if the BIA failed to consider all relevant factors. *Id*. at 496.

The BIA determined that the hardship to Mayers' family and the suffering his deportation might cause them did not outweigh Mayers' pattern of serious criminal misconduct. The BIA considered all the relevant factors, and ruled against granting Mayers a § 212(c) waiver of deportation. From the record we cannot say that the BIA's decision was arbitrary, irrational, or contrary to law. Accordingly, we hold that the BIA did not abuse its discretion in denying Mayers' application for waiver of deportation under § 212(c).

Mayers next argues that the BIA abused its discretion in denying his motion for a § 212(h) waiver of deportation, 8 U.S.C. § 1182(h). Because Mayers' criminal activity occurred within fifteen years of his application for relief, he is only entitled to a § 212(h) waiver if he can show that his deportation would cause "extreme hardship" to his citizen family. 8 U.S.C. §§ 1182(h)(1)(A)(I), 1182(h)(1)(B). We review the BIA's denial of a § 212(h) waiver of deportation for abuse of discretion. *Osuchukwu v. INS*, 744 F.2d 1136, 1139 (5th Cir. 1984). We will only reverse if the BIA "utterly failed or refused to consider relevant hardship factors." *Id*. at 1141. We will uphold the BIA's

decision, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Id*. at 1142.

Pursuant to the BIA's request, the IJ held an extensive hearing to develop the record on Mayers' claim of extreme hardship. Both the IJ and the BIA considered the impact of deportation on Mayers, and found that he faced no greater difficulties than any deportee. Further, the IJ and the BIA considered the impact to Mayers' citizen family. Although the IJ and BIA determined that the hardship to Mayers' family would be significant, it was no greater than that which would be suffered by any family faced with the deportation of a child. As such, the IJ found, and the BIA agreed, that the hardship on Mayers did not rise to the level of "extreme hardship." After careful review of the record, we cannot say that this finding was irrational or wholly unsupported by the record. Nor can we say that the BIA utterly failed to consider the relevant factors. Accordingly, we find that the BIA, in affirming the IJ's ruling, did not abuse its discretion in denying Mayers a § 212(h) waiver of deportation.

Finally, Mayers contends that he was deprived his due process rights because the IJ denied his motion for change of venue from Louisiana to New York. Mayers claims that because he had friends and an attorney in New York, the IJ's decision made his defense more difficult and deprived him of his right to counsel. Motions for change of venue are committed to the IJ's sound discretion, and

will not be overturned except for abuse of discretion. *Chow v. INS*, 12 F.3d 34, 39 (5th Cir. 1993). Because an alien has no Sixth Amendment right to counsel in immigration proceedings, we will only find a due process violation if (1) the alien was not given an opportunity to obtain counsel or (2) the absence of counsel impinged on the fundamental fairness of the hearing, and there was substantial prejudice to the alien. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).

Mayers has failed to show how the denial of his motion to change venue prejudiced him. The record indicates that Louisiana was no more inconvenient for Mayers' family, Mayers' primary witnesses, than New York would have been. His parents both resided in the U.S. Virgin Islands, and the balance of his family was scattered throughout the United States. Mayers has similarly failed to show how the IJ's denial of his motion to change venue impinged on his right to obtain counsel. Mayers requested, and the IJ granted, a postponement for the purpose of obtaining counsel. After the postponement, Mayers chose to proceed *pro se*, and he has failed to make any specific allegations of prejudice resulting from his proceeding without counsel. Absent substantial prejudice, where a deportee has been informed of his right to obtain counsel, and he has been given the opportunity to do so, no due process violation has occurred. *Pritchard-Ciriza v. INS*, 978 F.2d 219, 222 (5th Cir. 1992). Here we have no such prejudice. Accordingly, we cannot say the BIA abused its discretion in upholding the IJ's denial of Mayers' motion to change venue.

For the foregoing reasons, we AFFIRM.